

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL HANIC,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF INDIAN AFFAIRS and THE DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | CV 14-00216-M-DLC-JCL<br><br>ORDER |

Pending are Plaintiff Daniel Hanic's Motion for Writ of Mandamus pursuant to 28 U.S.C. § 1361 and request to proceed in forma pauperis. (Doc. 1, 2.)[1] Hanic seeks a writ of mandamus to compel the Department of Interior and the Bureau of Indian Affairs officials to commence the probate of the trust estate of Juanita Marie Jacobson, who died in possession of trust property on a reservation on June 1, 2009.

Hanic is a prisoner incarcerated in a state prison in South Dakota. He has

---

[1] Hanic, appearing pro se, lists himself and "all others similarly situated, et al." as plaintiffs in the caption of the case. A non-attorney plaintiff like Hanic may not represent anyone other than himself. *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, the Court recognizes only Hanic as a plaintiff in this action.

1

submitted an account statement sufficient to make the showing required by 28 U.S.C. § 1915(a) (Doc. 3), accordingly, the request to proceed in forma pauperis will be granted. Hanic's account statement shows average monthly deposits of $158.17 over the six months immediately preceding the filing of his petition. (Doc. 3 at 1.) Therefore, an initial partial filing fee of $31.63 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Hanic to collect the initial partial filing fee from Hanic's account and forward it to the Clerk of Court.

Thereafter, Hanic must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Hanic to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The Court has considered whether Hanic's Petition is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Hanic has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. §

1997e(g). The Court concludes that dismissal is not appropriate at this time. Defendants must make an appearance on Hanic's Petition. The Court makes no conclusions about the truth of Hanic's allegations or about the strength of his claims or of the evidence he might offer to corroborate them. The Court only finds that Hanic has said enough to require a response from Defendants.

Based on the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on September 3, 2014.

3. Pursuant to Fed.R.Civ.P. 4(i), the Clerk of Court shall issue a summons to the Bureau of Indian Affairs and the Department of Interior and shall mail a copy of the summons and the Petition for Writ of Mandamus via registered or certified mail to:

| | |
|---|---|
| Civil Process Clerk<br>U.S. Attorney's Office<br>2601 2nd Ave N., Box 3200<br>Billings, MT 59101<br>(by registered or certified mail) | Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530-0001<br>(by registered or certified mail) |

| Bureau of Indian Affairs | Department of the Interior |
| MS-4606-MIB | 1849 C Street NW |
| 1849 C Street NW | Washington, DC  20240 |
| Washington, DC  20240 | (by registered or certified mail) |
| (by registered or certified mail) | |

    4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

    6. Hanic <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Hanic shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 30th day of September, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge