IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL HANIC, and all others similarly situated, et al., <br><br> Plaintiff, <br><br> vs. <br><br> BUREAU OF INDIAN AFFAIRS; and DEPARTMENT OF THE INTERIOR, <br><br> Defendants. | CV 14-216-M-DLC-JCL <br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his findings and recommendations in this case on February 18, 2015, recommending that the government's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be granted and Plaintiff Hanic's action be dismissed. Hanic moved for an extension of time in which to file objections to the findings and recommendations, and the Court granted him an additional forty-five days. Hanic filed objections on March 26, 2015, within the extended time period, and so the Court will conduct a *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach.,*

-1-

*Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a [plaintiff's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Lynch's findings and recommendations in full.

Judge Lynch found that sovereign immunity did not preclude Hanic's mandamus action regarding probate of his mother's estate. However, given the Bureau of Indian Affairs' commencement of the probate process in March 2010, Judge Lynch found that Hanic's claim is moot because the federal statutes and regulations governing the Secretary of Interior's probate of an Indian person's estate simply require that the Bureau of Indian Affairs begin the process and prepare the probate file. 25 U.S.C. § 372; 25 C.F.R. § 15.11. The record reflects that the Bureau of Indian Affairs has commenced the process, began preparing the probate file, and, as of November 2014, is attempting to track down Hanic's mother's husband. Thus, Hanic's mandamus claim is moot because the very action he seeks to compel through the federal mandamus statute, 28 U.S.C. § 1361, is already underway. *See Heily v. U.S. Dept. of Def.*, 896 F. Supp. 2d 25,

35-36 (D.D.C. 2012).

In his first objection, Hanic contends that the mere commencement of the process is insufficient – he seeks, of course, completion of the process and the determination of his mother's heirs. However, as Judge Lynch noted, "there exists no federal statutory or regulatory provision requiring that the [Bureau of Indian Affairs] complete the probate process within a prescribed time frame," and thus no way to compel the Bureau of Indian Affairs to complete the probate process sooner. (Doc. 19 at 12 n.4.) The Court agrees with Judge Lynch and similarly finds no authority to force the Bureau of Indian Affairs' hand here.

Furthermore, though conscious of its obligation to construe *pro se* filings liberally, *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds no reason to credit Hanic's second objection and permit him to amend his Complaint. Adding Hanic's proposed additional forms of relief – Court monitoring of, or an injunction forcing, the probate process – would not cure the underlying defect, i.e. that the Court has no statutory means for granting such relief and speeding up the process. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. Cal. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013). Such is the case here.

Accordingly, IT IS ORDERED that Judge Lynch's findings and

recommendations (Doc. 19) are ADOPTED IN FULL. The government's motion to dismiss (Doc. 11) is GRANTED. This action is DISMISSED for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1361.

DATED this 23rd day of April, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court